MARÍA MELÉNDEZ DE PARÍS, peticionaria, *v.* DEPARTAMENTO DE SERVICIOS SOCIALES, HON. SECRETARIO DE SERVICIOS SOCIALES, SEÑOR GENARO COLLAZO y OTROS.

*Número:* O-78-209     *Resuelto:* 6 de octubre de 1978

*Lawrence J. Snyder* y *Clara E. Diez*, abogados de la peticionaria; *Roberto Armstrong, Jr., Procurador General Interino,* y *Jo-*

*sefa A. Román García, Procuradora General Auxiliar,* aboga-
dos del Departamento de Servicios Sociales.

PER CURIAM:[1] La recurrente solicitó los beneficios del
Programa de Cupones de Alimentos del Departamento de Ser-
vicios Sociales.[2] Comenzó a recibir los cupones en noviem-
bre de 1974.

En octubre de 1977 el Departamento le informó a la recu-
rrente que se le habían expedido cupones en exceso desde no-
viembre de 1974 hasta agosto de 1976 y se le requirió el pago
de su valor, ascendente a $1,533.00. Las partes aceptan que
la recurrente presentó con exactitud la información requerida
sobre su situación económica y la de su familia. El pago in-
debido, conforme el Departamento, fue consecuencia del error
de un técnico gubernamental que calculó equivocadamente el
ingreso familiar de la peticionaria.

La Junta de Apelaciones del Departamento de Servicios
Sociales confirmó que la recurrente adeuda la referida canti-
dad. La recurrente acudió en alzada ante el Tribunal Supe-
rior. El Departamento alegó en dicho foro que el recurso es
prematuro, "pues en el trámite administrativo no se ha to-
mado la determinación de si la deuda debe ser condonada o no
a la luz de las circunstancias totales del caso." Se negó por lo
tanto el Hon. Angel G. Hermida a expedir el auto en la men-

---

[1] Nota del Editor: El 2 de noviembre de 1978 el Tribunal Supremo
emitió una Resolución en el caso de autos que expresa:

"Se resuelve que la sentencia emitida en el caso de epígrafe deberá
publicarse como opinión *Per Curiam.*

"Lo acordó el Tribunal y certifica el Secretario. Los Jueces Aso-
ciados Señores Dávila, Torres Rigual e Irizarry Yunqué no intervi-
nieron.

(*Fdo.*) "Ernesto L. Chiesa
*Secretario*"

[2] La base estatutaria de este programa es la Ley Pública del Con-
greso 88–525 de 31 de agosto de 1964, 78 Stat. 703 *et seq.*, según enmen-
dada, 7 U.S.C.A. sec. 2011 *et seq.* La enmienda efectuada por la Ley Pú-
blica 91–671 de 11 de enero de 1971, 84 Stat. 2048, es la que extendió el
programa a Puerto Rico.

cionada etapa de los procedimientos. La peticionaria solicita de este Tribunal la revisión por *certiorari* de este fallo.

■ Debe confirmarse la sentencia. La reglamentación federal correspondiente, 7 C.F.R. sec. 271.7(f) dispone:

"(f) If excess free coupons are issued because of a certification error by the State agency or a misunderstanding of program provisions by a participating household, the State agency shall take appropriate corrective action to prevent any further issuance of excess free coupons to such household and, on behalf of FNS, make demand upon such household for repayment of the value of the free coupons issued to the household as a result of such certification error or misunderstanding of program provisions. The State agency may decline collection action to recover the value of the excess free coupons from the recipient household in any case in which such value is less than $400 under the following conditions:

(1) The issuance of excess free coupons did not involve gross negligence or fraud covered by paragraphs (a) and (d) of this section; and

(2) The State agency determines that either:

(i) It cannot collect or enforce collection of any significant sum from the household.

(ii) The cost of collection action likely will exceed the amount recoverable thereby, or

(iii) Evidence necessary to prove the claim cannot be produced.

In any case described in this paragraph in which the value of excess coupons issued is $400 or more, the State agency may decline collection action under the conditions specified herein only with the concurrence of FNS. In any such case, the State agency shall submit a statement of the facts and its proposed determinations to FNS for review and concurrence."

■ En vista a estas disposiciones la agencia local puede resolver proceder con la acción de cobro o, de darse las condiciones en ellas descritas, condonar la deuda con la anuencia, por tratarse de una suma mayor de $400.00, del Servicio de Nutrición Federal (FNS). Según surge de autos, el Departamento de Servicios Sociales interesa explorar el segundo

camino. Tal circunstancia convierte el recurso en prematuro. Es innecesario e impropio que el Poder Judicial se exprese sobre una contienda que aún no está trabada debidamente.

*Se expide el auto solicitado y se confirma la sentencia recurrida.*

Los Jueces Asociados Señores Dávila, Torres Rigual e Irizarry Yunqué no intervinieron.