Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| LAS BRISAS PROPERTY MANAGEMENT, INC.<br><br>Apelado<br><br>v.<br><br>BARRERAS, INC.<br><br>Apelantes | TA2025AP00077 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2023CV05103<br><br>Sobre: Cobro de Dinero, Incumplimiento de Contrato |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Juez Aldebol Mora y la Jueza Boria Vizcarrondo.

**Ortiz Flores, Jueza Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de septiembre de 2025.

Comparece ante este Tribunal de Apelaciones la corporación Barreras, Inc. (Barreras; apelante) mediante el recurso de epígrafe y nos solicita que revoquemos la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI) el 5 de mayo de 2025 y notificada el 7 de mayo de 2025. En el aludido dictamen, el TPI desestimó sin perjuicio la reconvención presentada por la apelante por motivo de falta de jurisdicción por prematuro.

Adelantamos que, por los fundamentos que expondremos a continuación revocamos la decisión apelada.

**I**

La controversia que nos plantea el presente caso tiene su inicio en mayo de 2023. Sin embargo, resulta meritorio dar una síntesis del tracto procesal que, aunque se remonta al 1960, comenzaremos en el año 2017 para adscribirnos exclusivamente a lo pertinente.

Sobre un solar, propiedad de Barreras, se edificó la construcción de dos edificios y un estacionamiento multipisos que pasó a llevar el nombre de City Towers. Dicho espacio es utilizado con propósitos comerciales. La compañía Gables Towers, Inc. (Gables) y Barreras tenían un contrato de arrendamiento sobre la edificación de City Towers, el cual fue terminado a

petición de Barreras por alegados incumplimientos de parte de Gables. De acuerdo con los términos del mencionado contrato, dicho asunto se vio por el método de arbitraje. Evaluada la controversia, se emitió un Laudo donde se determinó que Gables había incumplido el contrato, por lo que Barreras dio terminación a este válidamente y City Towers pasó a ser propiedad de Barreras.[1] Por tanto, se ordenó el desahucio de Gables. En algún punto, Gables cedió su posesión de City Towers a WM Capital Partners, Inc. (WM Capital), quien a su vez designó a Las Brisas Property Management, Inc. (Las Brisas; apelados) como agente administrador de City Towers.

Expuesto lo anterior, el caso que nos ocupa tuvo su inicio el 26 de mayo de 2023 cuando Las Brisas presentó una *Demanda* por cobro de dinero e incumplimiento de contrato contra Barreras.[2] En su reclamación, Las Brisas alegó que entre ambas partes existió un acuerdo donde pactaron que esta continuaría sus labores de administración de City Towers mientras se realizaba una transición. A la luz de lo mencionado, indicó que "[a] raíz de los servicios de administración brindados por Las Brisas en City Towers entre mayo y julio de 2022, [Barreras] adeuda a [Las Brisas] la suma de $102,835.76, más el interés legal aplicable".[3] El 26 de diciembre de 2023, Barreras sometió su contestación a la *Demanda* y a su vez presentó una reconvención donde reclamó que Las Brisas le adeudaba lo siguiente:

a. Por concepto de fianzas y/o depósitos de inquilinos no devueltos, la suma principal de $188,184.83;
b. Por concepto de fianzas y/o depósitos devueltos a inquilinos que se fueron del Cit[y] Towers, después del 18 de abril de 2022, la suma principal de $2,500.00;
c. Por concepto de pagos de cánones de arrendamiento recibidos por Las Brisas y pagados por los inquilinos del Cit[y] Towers, correspondientes al mes de abril de 2022, prorrateados para el período comprendido entre el 19 de abril y 30 de abril de 2022, la suma principal de $76,455.42; y,
d. Por concepto de cánones de arrendamiento recibidos por Las Brisas y pagados por los inquilinos del Cit[y] Towers,

---

[1] Laudo emitido el 28 de septiembre de 2016 por la Árbitro, la Lcda. Ana Marta Bird Picó en *Barreras, Inc. v. Gables Towers, Inc.* AAA Núm. 01 15 0003 5993.
[2] SUMAC, Entrada 1 en SJ2023CV05103.
[3] *Id.*, págs. 2-3.

luego del 18 de abril de 2022, la suma principal de $24,297.89.[4]

Además, reclamó que, ante la evidente conducta temeraria y contumaz desplegada por Las Brisas, se le debía conceder el pago de una suma no menor de $25,000.00 por concepto de honorarios de abogado.

Luego de algunos incidentes procesales, Las Brisas presentó una *Solicitud de Desestimación de Reconvención*[5] al amparo de la Regla 10.2(1) de las de Procedimiento Civil donde arguyó que las reclamaciones en la reconvención de Barreras se basaban en un laudo que activamente estaba impugnándose y en ese momento se encontraba en etapa apelativa.[6] A esto añadió que el foro de instancia estaba impedido de atender la reconvención, ya que esta era prematura y por consiguiente, el tribunal no ostentaba jurisdicción sobre la materia. Fundamentó lo anterior al razonar que en caso de que se anulara el Laudo, ello derribaba la capacidad de Barreras para presentar su acción.

En su oposición, Barreras alegó que el mecanismo que WM Capital utilizó para relevar la *Sentencia* del TPI que confirmó el Laudo en cuestión, la cual había advenido final y firme, fue a través de la Regla 49.2(d) de las de Procedimiento Civil y al amparo del ordenamiento jurídico vigente, ello no suspendía los efectos de esta en cuanto a la titularidad de Barreras sobre City Towers.[7] El TPI emitió una *Sentencia Parcial* al respecto,[8] en la cual declaró Ha Lugar la moción de desestimación presentada por Las Brisas y desestimó la reconvención presentada por Barreras por falta de jurisdicción. A continuación, citamos sus expresiones:

> En el presente caso procede la desestimación de la reconvención. Esto es así ya que aun dado por ciertos todos los hechos bien alegados de la reconvención, el demandado-reconv[i]niente no tendría derecho a las sumas reclamadas si

---

[4] SUMAC, Entrada 9 en SJ2023CV05103, pág. 8.
[5] SUMAC, Entrada 36 en SJ2023CV05103.
[6] El caso en referencia recibió el alfanumérico SJ2020CV01220 en el foro de instancia. Allí, WM Capital Partners 53, LLC solicitó el 12 de febrero de 2020 que se declarara la nulidad de la *Orden* emitida por el TPI el 21 de febrero de 2018 en el caso *Gables Towers, Inc. v. Barreras, Inc.* (K AC2016-1090) la cual ordenó la inscripción del inmueble —que pasó a ser propiedad de Barreras mediante Laudo— en el Registro de la Propiedad. Dicha *Orden* fue emitida luego de que el 6 de diciembre de 2017 el TPI dictara *Sentencia* confirmando el mencionado Laudo emitido el 28 de septiembre de 2016 a raíz de que WM Capital impugnara su validez y solicitara su nulidad.
[7] SUMAC, Entrada 45 en SJ2023CV05103.
[8] SUMAC, Entrada 53 en SJ2023CV05103.

se declara nula la sentencia que confirma su titularidad.  El demandado advino dueño de unos edificios por virtud de un laudo. El laudo fue cuestionado y luego de haberse atendido el asunto en el tribunal se confirmó. La parte demandada alegó que tres años más tarde un tercero solicitó por falta de parte indispensable, la nulidad del laudo confirmado. Siendo que lo que es nulo, nunca tuvo validez jurídica, procede desestimar la reconvención, sin perjuicio de que, una vez confirmada la titularidad de Barreras, Inc. pueda volver a presentar la reconvención.[9]

Inconforme con la decisión del TPI, el apelante presentó *Moción de Reconsideración*.  No obstante, el 4 de junio de 2025, el foro primario emitió una *Resolución Interlocutoria* donde sostuvo su dictamen. Aún inconforme con lo anterior, Barreras acude ante nosotros y en su recurso expone los siguientes señalamientos de error:

> PRIMER ERROR: ERRÓ EL HONORABLE TPI AL CONCLUIR QUE LA RECONVENCIÓN COMPULSORIA DE BARRERAS ERA PREMATURA AL ENTENDER QUE LA ACCIÓN DE NULIDAD BAJO LA REGLA 49.2 DE PROCEDIMIENTO CIVIL, EN OTRO CASO, SUSPENDÍA LA EFICACIA DE LA SENTENCIA QUE ADJUDICÓ LA TITULARIDAD A BARRERAS, INC. DE LOS CITY TOWERS.

> SEGUNDO ERROR: ERRÓ EL HONORABLE TPI AL DESCARTAR LA OPCIÓN DE PARALIZAR EL CASO EN VEZ DE DESESTIMAR LA RECONVENCIÓN COMPULSORIA DE BARRERAS HASTA QUE SE RESUELVA LA ACCIÓN DE NULIDAD.

De igual manera, nos solicitó que tomáramos conocimiento judicial de la *Sentencia* emitida en KLAN202201029 por un panel hermano, la cual guarda relación con el caso de marras. Tomamos conocimiento.

Por otro lado, la parte apelada compareció oportunamente mediante el escrito titulado *Alegato de la Parte Apelada* por lo que el recurso quedó perfeccionado y listo para su adjudicación.

**II**

**A**

En lo pertinente, la Regla 49.2 de Procedimiento Civil, *supra*, establece lo siguiente:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones citadas a continuación:

---

[9] *Id.*, págs. 2-3.

(a) error, inadvertencia, sorpresa o negligencia excusable;

(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

(d) nulidad de la sentencia;

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Las disposiciones de esta regla no aplicarán a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (c) o (d). La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. **Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia ni suspenderá sus efectos.** Esta regla no limita el poder del tribunal para:

(1) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento;

(2) conceder un remedio a una parte que en realidad no haya sido emplazada, y

(3) dejar sin efecto una sentencia por motivo de fraude al tribunal.

Mientras esté pendiente una apelación o un recurso de *certiorari* de una resolución final en procedimiento de jurisdicción voluntaria, el tribunal apelado no podrá conceder ningún remedio bajo esta regla, a menos que sea con el permiso del tribunal de apelación. Una vez que el tribunal de apelación dicte sentencia, no podrá concederse ningún remedio bajo esta regla que sea incompatible con el mandato, a menos que se obtenga previamente permiso para ello del tribunal de apelación. En ambos casos, la moción de relevo deberá siempre presentarse ante el tribunal apelado dentro del término antes señalado, y si éste determina que estaría dispuesto a conceder el remedio, se acudirá entonces ante el tribunal de apelación para solicitar el referido permiso. 32 LPRA Ap. V, R. 49.2.

La precitada regla provee un mecanismo procesal post sentencia para impedir que tecnicismos y sofisticaciones frustren los fines de la justicia e incorpora la facultad de los tribunales para dejar sin efecto alguna sentencia u orden suya por causa justificada. *De Jesús Viñas v. González Lugo*, 170 DPR 499, 513 (2007). Ahora bien, es importante señalar que, aun cuando la Regla 49.2 dispone un término que no excederá de seis (6) meses desde que se registró la sentencia u orden, se ha reconocido que, en los casos de nulidad, el Tribunal siempre estará facultado para dejar sin efecto la sentencia nula o que se haya obtenido mediante fraude. *Figueroa v. Banco de San Juan*, 108 DPR 680, 688 (1979). Esto es así porque las sentencias nulas son jurídicamente inexistentes. *Id.*, en la pág. 689. Además, se ha señalado que, aunque la Regla 49.2 debe interpretarse de forma liberal, esto no significa que se le debe dar atención desmedida a uno de los dos intereses que hay que balancear. *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 818 (1986). Incluso, se ha resuelto que aun cuando la mencionada regla debe ser interpretada de forma liberal esto no significa que se utilice en sustitución de los recursos de revisión o reconsideración. *Olmeda Nazario v. Sueiro Jiménez*, 123 DPR 294, 299 (1989).

En lo pertinente, rescatamos lo discutido por el profesor Rafael Hernández Colón al subrayar lo que expone la misma Regla en cuanto a que una moción presentada al amparo de esta no afecta la finalidad de la sentencia ni suspende sus efectos. Para ilustrar lo mencionado, explica el siguiente ejemplo:

> A manera de ejemplo, está la sentencia en vías de ejecución. Se están publicando edictos para vender la propiedad del demandado en pública subasta y se presenta una moción bajo la R. 49.2, 2009. El demandado no puede requerir que suspenda la subasta, a base de la presentación de la moción. La moción sencillamente llama la atención al tribunal sobre ciertos hechos y es la actuación del tribunal, si es favorable, la que podrá dejar sin efecto la sentencia y suspender la subasta. La mera presentación de la moción no tiene el efecto de suspender los efectos de la sentencia. Puede, sin embargo, acompañarse la moción en auxilio de la jurisdicción del tribunal para que éste detenga la subasta hasta tanto considere y resuelva la moción que ha sido presentada. R.

Hernández Colón, *Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis, 2017, págs. 460-461.

De igual manera, el tratadista Cuevas Segarra nos reitera que "[l]a mera presentación de la moción bajo esta regla no afecta la finalidad, ni suspende su efecto por disposición de ley. En tales casos en que se interesa su paralización, debe solicitarse el ejercicio del tribunal de sus facultades discrecionales en auxilio de jurisdicción". J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da Edición, Publicaciones JTS, 2011, Tomo IV, págs. 1402-1403.

Por último, debemos señalar que el Tribunal Supremo ha sido enfático en cuanto a que la Regla 49.2 de Procedimiento Civil no es llave maestra para reabrir a capricho el pleito ya adjudicado. *Ríos v. Tribunal Superior*, 102 DPR 793, 794 (1974).

**B**

La moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, "es aquella que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra". *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008). La citada regla dispone que la parte demandada puede presentar una moción de desestimación en la que alegue las defensas siguientes: **(1) falta de jurisdicción sobre la materia;** (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2.

Al resolver una moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, *supra*, los tribunales deben tomar "como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*, en la pág. 428. Además, el tribunal debe considerar que "tales alegaciones hay que interpretarlas

conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante". *Id.* en la págs. 428-429.

Es norma asentada que, al examinar una petición desestimatoria, los tribunales vienen obligados a tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos del modo más beneficioso a la parte demandante. *Cruz Pérez v. Roldan Rodríguez*, 206 DPR 261, 267 (2021), citando a *López García v. López García*, 200 DPR 50, 69 (2018); *Colón Rivera et al. v. ELA*, 189 DPR 1033 (2013). Ello conlleva que "tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante". *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*, págs. 428-429. Para que la moción de desestimación prevalezca "tiene que demostrarse de forma certera en ella que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pudiese probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor". *Ortiz Matías et al. v. Mora Development*, 187 DPR 649, 654 (2013). Además, la desestimación tampoco procede si la demanda es susceptible de ser enmendada. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*, pág. 429. La norma que impera en nuestro ordenamiento jurídico es que, cuando se interpone una moción de desestimación, el tribunal debe conceder el beneficio de cuanta inferencia sea posible de los hechos alegados en la demanda. J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da Ed., Publicaciones JTS, 2011, Tomo II, pág. 532.

Nuestro máximo foro judicial ha expresado que al examinar una moción de este tipo "debemos considerar, 'si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida'". *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*, en la pág. 429 que cita a *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497 (1994), *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991). Además, el Tribunal debe aceptar como ciertos todos los hechos que hayan sido bien alegados en la demanda y

excluir de sus análisis conclusiones legales. Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. Si de este análisis el Tribunal entiende que no se cumple con el estándar de plausibilidad entonces debe desestimar la demanda, pues no debe permitir que proceda una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba. R. Hernández Colón, *Derecho Procesal Civil*, 5ta ed., San Juan, LexisNexis, 2010, pág. 268.

**C**

Mediante el mecanismo de la reconvención, nuestro ordenamiento procesal civil permite que una parte dentro de un litigio pueda presentar una reclamación contra una parte adversa en el pleito. Regla 11 de Procedimiento Civil, *supra*. Conforme a las Reglas, existen dos tipos de reconvenciones: las permisibles y las compulsorias. Las reconvenciones permisibles son las reclamaciones que no surgen de un mismo acto, omisión o evento que motivó la reclamación de la parte contra la que se presenta. Regla 11.2 de Procedimiento Civil, *supra*. Por otro lado, la reconvención compulsoria es aquella hecha por una parte contra cualquier parte adversa, que surge del mismo acto, omisión o evento que motivó la reclamación original, y cuya adjudicación no requiere la presencia de terceros sobre quienes el tribunal no pueda adquirir jurisdicción. Regla 11.1 de Procedimiento Civil, *supra*.

Particularmente, una reclamación es compulsoria cuando: (1) existe una relación lógica entre la reclamación presentada en la demanda y la que es objeto de la reconvención; (2) los hechos esenciales de ambas reclamaciones están tan vinculados que la economía judicial exige que se ventilen en conjunto; (3) las cuestiones de hechos y de derecho entre ambas son las mismas; (4) la doctrina de *res judicata* impediría una acción independiente; y (5) ambas reclamaciones surgen de la misma prueba y están vinculadas lógicamente. *Consejo Titulares v. Gómez Estremera, et*

*al*, 184 DPR 407, 424-25 (2012) (que cita a R. Hernandez Colon, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 4ta ed. San Juan, Ed. Lexis Nexis de Puerto Rico, 2007, pág. 218).

La Regla dispone que las reconvenciones compulsorias tienen que presentarse. Por tanto, si no se formulan a tiempo "se renuncia la causa de acción que la motiva, y quedarán totalmente adjudicados los hechos y reclamaciones sin que el demandado pueda presentar posteriormente una reclamación que haya surgido de los mismos eventos". *Neca Mortg. Corp. v. Dev. S.E.*, 137 DPR 860, 867 (1995). En estas instancias es cuando se aplica el principio de cosa juzgada, puesto que hubo asuntos que pudieron plantearse, pero no lo fueron. *Id.* Estas disposiciones procesales persiguen que se diluciden todas las controversias comunes a un acto de una vez y que se eviten litigios múltiples. *Id.*

Sin embargo, la norma de que las reconvenciones se presentan al notificar su alegación no es absoluta, puesto que se aceptan en circunstancias excepcionales. Primero, se permite presentar una reconvención compulsoria posteriormente mediante una alegación suplementaria cuando la exigibilidad de la reclamación adviene luego de que la parte contestó la demanda. También puede ocurrir que se enmienden las alegaciones cuando por descuido, inadvertencia, negligencia excusable o cuando así lo requiera la justicia. Nótese que el tribunal es quien determina si se cumplen estos criterios para autorizar la presentación posterior de una reconvención. Además, las reglas exigen que el tribunal debe ejercer su facultad liberalmente. Regla 13.1 de Procedimiento Civil, *supra*. La política pública que promueven las Reglas de Procedimiento Civil es a favor de la ventilación de los casos en sus méritos y que los litigantes tengan su día en corte. Sin embargo, la liberalidad que tienen los tribunales para autorizar enmiendas a las alegaciones no es infinita ni irrestricta por lo que dicha discreción está limitada. *Epifanio Vidal, Inc. v. Suro*, 103 DPR 793, 796 (1976).

**D**

Se ha pautado que el concepto de madurez, en tanto implica la presentación prematura de una acción, incide sobre la jurisdicción de los tribunales. A través de la doctrina de madurez se examina la proximidad temporal o inminencia del daño alegado mediante un análisis dual: si la controversia sustantiva es apropiada para resolución judicial y si el daño es suficiente para requerir adjudicación. *Romero Barceló v. E.L.A.,* 169 DPR 460, 475 (2006); *Crespo Claudio v. O.E.G.*, 173 DPR 804, 814 (2008); reiterado en *Clases A, B y C v. PRTC*, 183 DPR 666, 692 (2011). Dicho de otro modo, al examinar la madurez de una controversia, los tribunales deben determinar si existe realmente una controversia entre las partes de naturaleza justiciable, propia para un pronunciamiento judicial. *Clases A, B y C v. PRTC*, *supra*, pág. 692; *Rexach v. Ramírez*, 162 DPR 130, 142 (2004). El factor determinante es que la controversia esté definida concretamente de manera que el tribunal pueda evaluarla en sus méritos. *Rexach v. Ramírez*, *supra*, pág. 142. Y lo estará si las alegaciones describen una situación que amerite un remedio, aunque no haya certeza *prima facie* de que el demandante o peticionario ha de prevalecer finalmente en su reclamo. Para eso es precisamente la adjudicación, a base de la preponderancia de la prueba que presente una y otra parte en un pleito.

La figura jurídica de la madurez sirve dos propósitos fundamentales: en primer lugar, procura conservar los recursos judiciales para controversias que sean reales, presentes e inminentes, al evitar que se utilicen en controversias abstractas, hipotéticas o remotas; y, en segundo lugar, limita la intromisión excesiva de los tribunales en el ámbito de la creación de política pública, que corresponde a las otras ramas de gobierno. R. J. Pierce, Jr. *Administrative Law Treatise*, 4ª ed., Aspen Publishers, 2002, Vol. II, págs. 1051-1052. (Traducción nuestra.)

A la luz de lo anterior, se ha resuelto que la ausencia de un daño real, concreto y no hipotético, así como un recurso prematuro, repercute en

la falta de jurisdicción.  La presentación de un recurso prematuro carece de eficacia y no produce ningún efecto jurídico, puesto que, al momento de su presentación no hay autoridad judicial para acogerlo.  De igual forma, el foro apelativo no puede conservarlo con el propósito de luego reactivarlo, ello es así, ya que el recurso no puede ser considerado por falta de jurisdicción. *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000).

**III**

La parte apelada nos señala que el foro primario erró en resolver que la reclamación de esta, mediante reconvención, era prematura, por entender que la solicitud de nulidad de sentencia al amparo de la Regla 49.2 de las de Procedimiento Civil (Regla 49.2) afectaba su eficacia, y que también erró al descartar la opción de paralizar el caso en lugar de declarar la desestimación hasta que la acción de nulidad se resolviera.  Concluimos que, en cuanto al primer señalamiento, a la parte apelante le asiste la razón.  Veamos.

Tal y como reseñamos, Barreras expuso en su recurso que el TPI ostentaba jurisdicción para atender la reconvención presentada o como mínimo paralizarla, puesto que una moción en virtud de la Regla 49.2 no paraliza los efectos de la sentencia que se busca declarar nula. No obstante, en su alegato, Las Brisas reitera su postura en cuanto a que el foro primario carece de jurisdicción sobre la materia por entender que la controversia es aún prematura.  Esto basándose en que en caso de que se declare la nulidad de la decisión impugnada, esto privaría a Barreras de legitimación activa para presentar su acción pues ya no sería dueño de City Towers. Incluso, entre los fundamentos que incluye para sustentar su argumento, cita el caso *Melendez de París v. Srio. Servicios Sociales*, 107 DPR 690, 693 (1978).  Sin embargo, dicho caso dista de la controversia que nos ocupa pues se trataba de un caso que tuvo su inicio en una agencia administrativa y dicho proceso no había culminado. Por tal motivo, la controversia era prematura y el Alto Foro pronunció que "[e]s innecesario e impropio que el Poder Judicial se exprese sobre una contienda que aún no

está trabada debidamente". Tomando en consideración los hechos del caso, lo anterior no es equiparable con el pleito ante nuestra consideración porque el presente pleito no se trata de revisiones administrativas que exigen una doctrina de agotamiento de remedios y asuntos de jurisdicción originaria o exclusiva.

La acción al amparo de la Regla 49.2 alcanzó su etapa apelativa y la decisión del foro primario fue confirmada por un panel hermano de este tribunal en junio de 2025,[10] el cual también declaró No Ha Lugar el 26 de agosto de 2025 la solicitud de reconsideración presentada por la parte perdidosa.[11] Como corolario de lo anterior, la decisión del Laudo que otorgó a Barreras el dominio de City Towers se mantuvo y resulta menester subrayar lo que reza la citada Regla 49.2 en cuanto a que la simple presentación de una moción al amparo de dicha Regla, no incide sobre la finalidad y los efectos de la sentencia impugnada. Por tanto, no es razonable aducir que la mera posibilidad de que una sentencia sea declarada nula conlleve la desestimación de una acción y mucho menos cuando se trate de una reconvención compulsoria, la cual, si no se presenta oportunamente, se entiende renunciada y no puede ser instada luego. Declarar su desestimación fundándose en meros supuestos priva a la parte de su día en corte de manera injustificada.

Al momento en que se presentó la reconvención, el Laudo en referencia mantenía su validez tal y como la continúa teniendo al presente. Por tal motivo, la controversia es justiciable, puesto que Barreras sigue siendo el propietario de City Towers y, por consiguiente, ostenta legitimación activa para solicitar lo reclamado. Por otro lado, en cuanto al segundo señalamiento de error referente a la paralización del pleito adelantamos que ello es un asunto que incide sobre manejo del caso. Es conocido que el manejo de los casos que se ventilan en las salas de los foros de instancia son cuestiones sumamente discrecionales. El tribunal

---

[10] Véase la *Sentencia* emitida en KLAN202201029.
[11] SUMAC, Entrada 135 en SJ2020CV01220.

tiene a su disposición otras medidas de manejo del caso que le permiten esperar a que se resuelva lo pertinente a la nulidad, entre ellas, la paralización. Pero, tal y como mencionamos al ser un asunto altamente discrecional, dejamos al arbitrio del foro primario determinar el curso a seguir. No obstante, reiteramos que la desestimación por falta de jurisdicción por prematuro es incorrecta en derecho, por lo cual no presenta una opción a elegir.

**IV**

Por los fundamentos anteriormente esbozados, revocamos la *Sentencia Parcial* apelada y devolvemos el caso al Tribunal de Primera Instancia, Sala Superior de San Juan para que continúen los procedimientos según lo aquí dispuesto.

**Notifíquese.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones